UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMIT TRIVEDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-CV-05720 |
| v. ) | |
| ) | |
| WELLS FARGO & COMPANY and BANK OF ) | |
| AMERICA CORPORATION, ) | Jury Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, Amit Trivedi ("Plaintiff" or "Trivedi"), by and through his attorneys, Gregg Rzepczynski & Associates, Ltd., submits this Complaint against Defendants, Wells Fargo & Company ("Wells Fargo") and Bank of America Corporation ("Bank of America"):

### COUNT I
### Breach of Fiduciary Duty – Bank of America

### PARTIES

1.  Plaintiff Amit Trivedi is a natural person who resides at [1834 S Calumet Avenue, Unit 3], [Chicago], Illinois, [60616].

2.  Defendant Wells Fargo is a Delaware company, with its principal place of business located at 420 Montgomery Street, 12th Floor, San Francisco, California 94104.

3.  Defendant Bank of America is a Delaware corporation, with its principal place of business located at 100 N Tryon St., Charlotte, North Carolina 28255.

1

**JURISDICTION AND VENUE**

4. This court has jurisdiction pursuant to 28 U.S.C. § 1332 because this suit is between citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over the defendant and venue is appropriate in this district under 735 ILCS 5/2/-209 due to defendants conducting business in the state and the injury happening in this district.

**FACTS AND NATURE OF THIS COMPLAINT**

6. Plaintiff is an individual who banks at Bank of America and holds an account at FourStar Wealth Advisors, LLC ("FourStar").

7. Plaintiff wished to transfer funds in the amount of $100,000.00 to his account at FourStar and received instructions to do so from someone he reasonably believed to be a FourStar representative.

8. On March 24, 2020, per the received instructions for wire transfer, Plaintiff transferred the $100,000.00 from his account at Bank of America to a Wells Fargo account, with credit to Raymond James & Associates, Inc. ("Raymond James").

9. On March 31, 2020, when the money had not been received by FourStar, Plaintiff asked his bank, Bank of America, to communicate with Wells Fargo and to request a fraud recall. Wells Fargo asserts that it did not receive the request.

10. Financial records indicate the money left Plaintiff's Bank of America account on March 24, 2020 and was credited to a fraudulent Wells Fargo account, not in the name of Raymond James, on March 27, 2020.

11. The name on the fraudulent receiving account is unknown account holder.

12. Bank of America was unable to recall the money. The recall department received a rejection code with "CO2" due to an incorrect ABA code which Bank of America told Plaintiff should result in the money returning to Plaintiff's Bank of America account promptly.

13. Wells Fargo froze the fraudulent account on April 3, 2020.

14. Plaintiff has not been able to obtain information from either bank with regard to the status of his money.

15. Defendant Bank of America owes a fiduciary duty of care to Plaintiff who banks, holds, and manages his money at an account with the bank. Defendant's fiduciary duty includes an obligation to exercise good business judgment, good faith, to act in the best interest of Plaintiff when it comes to his property, and to act prudently in the operation of Plaintiff's money.

16. Bank of America breached its fiduciary duty of care to Plaintiff by mismanaging the above mentioned transfer of funds, failing to secure the transaction, and failing to provide information about the transaction to Plaintiff to correct the fraudulent action and return Plaintiff's funds.

17. Plaintiff has been damaged by Defendant's breach of its fiduciary duties.

    **WHEREFORE**, Plaintiff seeks:

    a. actual damages; $100,000.00

    b. punitive damages; $300,000.00

    c. costs, expenses, and reasonable attorneys' fees; and

    d. any other relief the Court deems equitable and just.

### COUNT II
### Violation of Illinois Consumer Fraud and Deceptive Business Practices Act - Bank of America

18. - 31. Plaintiff restates and alleges the above paragraphs, 1-14, as if set forth fully herein.

32. Defendant Bank of America engaged in unfair and deceptive business practices by enacting the fraudulent transfer and failing to secure the transaction, in violation of the State of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS Section 505/1 *et seq.* (herein referred to sometimes as "CFA").

33. Plaintiff has been damaged by Defendant's violation of the CFA.

**WHEREFORE**, Plaintiff seeks:

e. actual damages; $100,000.00

f. punitive damages; $300,000.00

g. costs, expenses, and reasonable attorneys' fees; and

h. any other relief the Court deems equitable and just.

### COUNT III
### Violation of Illinois Consumer Fraud and Deceptive Business Practices Act - Wells Fargo Bank

34. - 47. Plaintiff restates and alleges the above paragraphs, 1-14, as if set forth fully herein.

48. Defendant Wells Fargo Bank engaged in unfair and deceptive business practices by accepting the fraudulent transfer and failing to secure the transaction, in violation of the State of Illinois CFA.

49. Plaintiff has been damaged by Defendant's violation of the CFA.

**WHEREFORE**, Plaintiff seeks:

i. actual damages; $100,000.00

j. punitive damages; $300,000.00

k. costs, expenses, and reasonable attorneys' fees; and

l. any other relief the Court deems equitable and just.

### COUNT IV

6

### Negligence - Bank of America

50. - 63.    Plaintiff restates and alleges the above paragraphs, 1-14, as if set forth fully herein.

64.    Defendant Bank of America had a duty to Plaintiff to exercise reasonable care in transacting the transfer of Plaintiff's funds.

65.    Bank of America breached its duty to Plaintiff by mismanaging the transfer of funds and failing to act with requisite care to secure the transaction and provide Plaintiff with information to correct the fraudulent action.

67.    Absent Bank of America's actions, the harm to Plaintiff would not have occurred.

68.    The harm resulting from Bank of America's actions was reasonably foreseeable and within the scope of risk created by the circumstances inherent to enacting the transfer of funds.

69.    Plaintiff's loss and damages set forth hereinabove was directly and proximately caused by Defendant's negligence.

**WHEREFORE**, Plaintiff seeks:

m.    actual damages; $100,000.00

n.    punitive damages; $300,000.00

o.    costs, expenses, and reasonable attorneys' fees; and

p.    any other relief the Court deems equitable and just.

### COUNT V
### Negligence - Wells Fargo Bank

70. - 83.    Plaintiff restates and alleges the above paragraphs, 1-14, as if set forth fully herein.

84.    Defendant Wells Fargo had a duty to Plaintiff to exercise reasonable care in receiving the transfer of Plaintiff's funds.

6

85. Wells Fargo breached its duty to Plaintiff by failing to process the fraud recall and failing to act with requisite care to secure the transaction.

86. Absent Wells Fargo's actions, the harm to Plaintiff would not have occurred.

87. The harm resulting from Wells Fargo's actions was reasonably foreseeable and within the scope of risk created by the circumstances inherent to receiving the transfer of funds.

88. Plaintiff's loss and damages set forth hereinabove was directly and proximately caused by Defendant's negligence.

**WHEREFORE**, Plaintiff seeks:

a. actual damages; $100,000.00

b. punitive damages; $300,000.00

c. costs, expenses, and reasonable attorneys' fees; and

d. any other relief the Court deems equitable and just.

### JURY DEMAND

Plaintiff demands a trial by jury.

Date: September 24, 2020          Respectfully submitted,

By:   /s/ Gregg Rzepczynski
     Gregg Rzepczynski
     Attorney for Plaintiff

Gregg Rzepczynski
Gregg M. Rzepczynski & Associates, Ltd.
175 W. Jackson Blvd., Suite 240
Chicago, Illinois 60604
Main: (312) 939-8028
Fax: (312) 922-1794
attygmr@gmail.com