**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMIT TRIVEDI, | |
|           **Plaintiff,** | |
|     **v.** | **Case No. 20 C 5720** |
| WELLS FARGO BANK, N.A. and BANK OF AMERICA, N.A., | **Judge Harry D. Leinenweber** |
|           **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Amit Trivedi ("Trivedi") brings this action against Defendants Wells Fargo Bank ("WFB") and Bank of America ("BoA"). Trivedi alleges that Defendants transferred funds from his BoA account into a fraudulent WFB bank account in a five-count Complaint, claiming a violation of the Illinois Consumer Fraud and Business Practices Act ("ICFA"), negligence, and breach of fiduciary duty. Trivedi also brings a claim for negligence against Defendants and breach of fiduciary duty against BoA. Defendants have moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). As part of his response, Trivedi has requested leave to file a Second Amended Complaint. For the reasons stated herein, Defendants' Motions to Dismiss are granted and Trivedi's Request for Leave to Amend is denied.

## I. __BACKGROUND__

Trivedi is a longstanding account holder at Bank of America in Chicago, Illinois. On March 24, 2020, Trivedi provided orders to transfer $100,000 from his account to an account in the name of Raymond James & Associates at Wells Fargo Bank per the instructions of an individual whom Trivedi believed to be a representative of FourStar Wealth Advisors, LLC ("FourStar"). (First. Am. Compl. ¶¶ 6—8, Mot., Ex. 1, Dkt. No. 8-1.) Trivedi states that he understood that the money subsequently would be credited to an account in James' name at FourStar. (*Id.* ¶¶ 7—8.) Trivedi sent instructions for a wire transfer to BoA on March 24, 2020. (*Id.*) The money was transferred out of Trivedi's BoA account that same day, but the money was instead credited to an account of unknown account holder at WFB on March 27, 2020. (*Id.* ¶¶ 9—10.) Trivedi states that, as of March 31, 2020, he had not received notice that the funds had been received by FourStar. (*Id.* ¶ 9.) As a result, he reached out to BoA to communicate with WFB and request a fraud recall. (*Id.* ¶ 9.) BoA was unable to recall the money, and WFB froze the fraudulent account on April 3, 2020. (*Id.* ¶¶ 12—13.) Trivedi states he has not been able to obtain information from either BoA or WFB regarding the status of his money. (*Id.* ¶ 14.) As a customer who banks at BoA, Trivedi asserts that BoA owes a fiduciary duty of care to Trivedi. (*Id.* ¶ 15.) Trivedi alleges

- 2 -

three counts against Defendant BoA: (1) breach of fiduciary duty, (2) violation of the Illinois Consumer Fraud and Business Practices Act ("ICFA") under 810 ILCS 505/1 and (3) negligence. Trivedi alleges two counts against Defendant WFB: (1) violation of the ICFA and (2) negligence. On September 28, 2020, Trivedi filed suit in federal court. (Dkt. No. 1.) On July 21, 2021, Trivedi filed the First Amended Complaint. (Dkt. No. 8.) On October 31, 2021, WFB moved to dismiss. (Dkt. No. 21.) On November 19, 2021, BoA moved to dismiss. (Dkt. No. 26.) On December 20, 2021, Trivedi filed his response to the Defendants' Motions to Dismiss and requested leave to file a Second Amended Complaint. (Dkt. No. 30.) Having been fully briefed, the Court now decides Defendants' motions.

## II.   <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss challenges the sufficiency of a complaint. To defeat a Rule 12(b)(6) motion, the allegations in a complaint must be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* at 678. At the motion to dismiss stage, a court must "accept [] as true all well-pleaded facts alleged, and draw [] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

### III.  **DISCUSSION**

#### A.  **Preemption under the Illinois UCC**

Trivedi pleads three counts in common law. First, Trivedi pleads two counts of negligence against BoA and WFB, alleging that Defendants failed to exercise reasonable care in the transfer and receiving of Trivedi's funds. Trivedi additionally pleads that BoA breached its fiduciary duty as the bank holding Trivedi's account. In determining whether Trivedi has stated a claim upon which relief may be granted, the Court first must review the common-law claims to determine whether they have been preempted by duties set forth in the Illinois Uniform Commercial Code.

The Illinois Uniform Commercial Code ("UCC") is a comprehensive set of laws governing commercial transactions in Illinois. 810 ILCS 5/1-103. Illinois enacted these laws "to simplify, clarify, and modernize the law governing commercial transactions; to permit the continued expansion of commercial practices through custom, usage, and agreement of the parties; and to make uniform the law among the various jurisdictions." *Id.* A

claim is preempted by the UCC when particular provisions of the UCC have displaced common law rules. *Id.*

Article 4A details the duties and responsibilities of a bank when participating in a funds transfer, defined as "the series of transactions, beginning with the originator's payment order, made for the purpose of making payment to the beneficiary of the order . . . A funds transfer is competed by acceptance by the beneficiary's bank of a payment order for the benefit of the beneficiary of the originator's payment order." *Id.* 5/4A-104. *See also Whitaker v. Wedbush Securities, Inc.*, 162 N.E. 3d 269 (Ill. 2020) (applying Article 4A to preempt common law claims in a case involving wire transfers).

When the UCC specifically delineates rules related to the claim, common law principles cannot be applied to supplement the UCC or provide the foundation for a tort claim. *Envision Healthcare, Inc. v. Fed. Deposit Ins. Corp.*, No. 11-CV-6933, 2014 WL 6819991 at *7 (N.D. Ill. Dec. 3, 2014). In *Envision*, the court reasoned that a negligence claim against a bank was preempted by Article 4A of the UCC because it "set forth a detailed scheme concerning the bank's rights and responsibilities when presented with an electronic payment such as the one at issue." *Id.* Trivedi alleges that the fraudulent wire transfer was caused by both a breach of fiduciary duty on the part of BoA and negligence on the

part of both defendants. Like in *Whitaker*, the Defendants' duties when completing a wire transfer are detailed in Article 4A. Defendants had a duty to follow any written instructions from Trivedi in the issuing and acceptance of payment orders, so long as a commercially reasonable security procedure to protect against unauthorized payment orders has been put in place. 810 ILCS 5/4A 202(b). Trivedi has not alleged that either Defendant has failed to implement a security procedure. As set forth in the pleadings, Defendants have not violated Article 4A.

A payment order cannot be cancelled or amended after it is accepted by the beneficiary's bank except under specific circumstances which are not alleged here. 810 ILCS 5/4A-211) (c)(2) (limiting the exceptions to Article 4A to duplicate payments, payments to a beneficiary not entitled to receive payment from the originator, and payments in an amount greater than the amount the beneficiary was entitled to receive from the originator.) Acceptance was made by WFB on March 27, 2020, when the money was credited to the WFB account. Accordingly, cancelling or amending the transfer could not occur after this date. When Trivedi attempted to cancel the transaction on March 31, 2020, acceptance had already occurred. Trivedi's common law claims of breach of fiduciary duty and negligence are preempted by Article 4A. The Court dismisses Counts I, IV and V for failure to state a claim.

### B. Violations of Illinois Consumer Fraud and Deceptive Business Practices Act

The elements of a claim under ICFA are that the defendant: "(1) committed an unfair or deceptive act or practice; (2) intended for the plaintiff to rely on the deception or unfair conduct; (3) the unfair conduct or deception happened in the course of trade or commerce; and (4) the deception or unfair conduct proximately caused the plaintiff's injury." *Great Lakes Reinsurance v. 1600 W. Venture, LLC*, 261 F.Supp. 3d 860, 866 (N.D. Ill. 2017) (citing *Cocroft v. HSBC Bank USA, N.A.*, 796 F. 3d 680, 687 (7th Cir. 2015) and *Siegel v. Shell Oil Co.*, 612 F. 3d 932, 934 (7th Cir. 2010)).

When fraud is alleged, the additional heightened pleading requirements of Federal Rules of Civil Procedure 9(b) apply. *Hickman v. Wells Fargo Bank N.A.,* 683 F.Supp. 2d 779, 794 (N.D. Ill. 2010). Under the heightened pleading requirements of Rule 9(b), the plaintiff must allege with particularity the "who, what, when, where, and how" of the fraud. *Id.* In his Complaint, Trivedi alleges that the first prong of the test is met because an unknown person performed an "unfair or deceptive act" through convincing Trivedi to rely on his fraudulent assertions and authorize a wire transfer to the unknown person's account. As pled, the beneficiary of the money sent from Trivedi committed fraud. However, there is no allegation that either bank participated in deceiving Trivedi or otherwise colluded with the unknown person at fault.

Accordingly, the first element of the claim is not met for both Defendants and Trivedi's ICFA claim is dismissed.

## C. Violation of 12 C.F.R. §205.11

Trivedi alleges that Defendants violated 12 C.F.R. § 205.11 by failing to investigate the wire transfer at issue after Trivedi informed Defendants of the possible fraud. 12 C.F.R. § 205.11 requires financial institutions to investigate allegations of error. Defendants argue, however, transactions involving a wire transfer are excluded from these requirements because the law is superseded by Article 4A of the UCC. *Id.* § 205.3(c)(3). While no cases in the Northern District of Illinois or the Seventh Circuit addresses this issue, the Sixth Circuit held in *Wright v. Citizen's Bank of E. Tennessee,* 640 Fed. Appx. 401, 406-407 (6th Cir. 2016), that, when the transaction involves a wire transfer, "the rules adopted from Article 4A serve as the exclusive means for determining the rights, duties and liabilities of all parties involved in a Fedwire funds transfer." (citing *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 223 (4th Cir. 2002)). The plain text of Article 4A, the rules of interpretation set forth by the Illinois Uniform Commercial Code, and the Sixth Circuit's decision in *Wright* precludes a claim under 12 C.F.R. § 205.11. Here, the facts indicate that this was a wire transfer between Trivedi's account at BoA and an account at WFB. Therefore, like in *Wright*,

the duties, and responsibilities applicable to both defendants would arise out of Article 4A and 12 C.F.R. §205.11 would not be applicable in this case. The Court dismisses this Count.

### D.  **Leave to File a Second Amended Complaint**

In the alternative, Trivedi requests leave to file a Second Amended Complaint. Under Federal Rules of Civil Procedure 15(a)(2), the district court should grant leave to amend the complaint when justice so requires. However, courts may refuse leave to amend in cases of undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed undue prejudice or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The original Complaint was filed on September 28, 2020, and the only addition in the FAC was the 12 C.F.R. §205.11 claim against WFB. The FAC was filed on July 21, 2021, nearly fifteen months after the original Complaint and Trivedi failed to amend the Complaint in that time. Further, the Court finds that Trivedi's claims are preempted by the UCC Article 4A and an additional amendment to the Complaint would be futile.

### IV.  **CONCLUSION**

For the reasons stated herein, Defendants' Motions to Dismiss (Dkt. Nos. 21 and 26) are granted and Trivedi's Request for Leave to File a Second Amended Complaint (Dkt. No. 30) is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 6/29/2022